UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A. f/k/a TD Banknorth, N.A.<br><br>Plaintiff,<br><br>v.<br><br>LESLIE D. ASTROWSKY,<br><br>Defendant. | CIVIL ACTION NO. _____ |

## CIVIL ACTION - COMPLAINT

NOW COMES Plaintiff, TD Bank, N.A. f/k/a TD Banknorth, N.A., by and through its undersigned counsel, Duane Morris LLP, for its Complaint against Defendant, Leslie D. Astrowsky, respectfully shows:

### PARTIES

1. Plaintiff, TD Bank, N.A. f/k/a TD Banknorth, N.A. ("TD Bank"), is a national banking association created and existing under the laws of the United States of America. TD Bank's main office, as set forth in its articles of association, is located in Wilmington, Delaware. It has its headquarters and main operation in Cherry Hill, New Jersey. It is therefore, a citizen of Delaware.

2. Leslie D. Astrowsky ("Ms. Astrowsky"), is a citizen of Maine with an address of 3A Lincoln Street, Kennebunk, ME 04043.

### JURISDICTION, VENUE AND VICINAGE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by virtue of complete diversity of citizenship, insofar as TD Bank was, and is at the time of the filing of the Complaint, a citizen of the State of Delaware, Ms. Astrowsky is and at the time of the filing

1

of the Complaint a citizen of the state of Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district.

5. Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Portland Vicinage insofar as the property which is the subject of this action is located in York County.

## COUNT I - FORECLOSURE BY CIVIL ACTION

6. Ms. Astrowsky is the owner of the real property located at 2013 Sanford Road, Wells, County of York, State of Maine, 04090 (the "Property") by virtue of a warranty deed (the "Deed") from Michael D. Lacey Sr. and Linda J. Lacey, dated March 29, 2002 and recorded in the York County Registry of Deeds on April 1, 2002 in Book 11508, Page 034.  A copy of the Deed is attached hereto as Exhibit A.

7. On August 3, 2006 Ms. Astrowsky executed and delivered to TD Banknorth, N.A. a certain promissory note in the original principal amount of $75,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit B.

8. To secure the Note, Ms. Astrowsky executed and delivered to TD Banknorth, N.A. a mortgage dated August 3, 2006 and recorded in the York County Registry of Deeds in Book 14936, Page 143 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit C.

9. Effective May 31, 2008, TD Banknorth, National Association, changed its name to TD Bank, National Association.

10. TD Bank is the holder of the Note and Mortgage.

11. TD Bank is the owner of the Note.

12. Ms. Astrowsky is in default of the Note, having failed to make the monthly payment due June 7, 2016, and having failed to make all payments due thereafter. As a result, Ms. Astrowsky has breached a condition of the Mortgage.

13. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on January 30, 2017, TD Bank, N.A. caused to be sent a Notice of Right to Cure to Ms. Astrowsky by certified mailing (the "Default Letter"). A copy of the Default Letter is attached hereto and made a part hereof as Exhibit D.

14. To date, Ms. Astrowsky has failed to cure the default. Accordingly, there is now due and owing to TD Bank the outstanding principal balance under the Note and Mortgage, including accrued interest, late charges and applicable fees through January 30, 2017, the sum of $77,565.99.

15. In order to protect its security interest, TD Bank likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments, insurance premiums, and other charges affecting the Property, or some part thereof, and TD Bank requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

16. By virtue of Ms. Astrowsky's breach of the terms of the Note and Mortgage, TD Bank is entitled to (i) judgment in its favor and against the Ms. Astrowsky in the amount of $77,565.99, together with interest from January 31, 2017, at the rate of $7.7013369 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for

the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, TD Bank prays that this Honorable Court:

A. Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of Ms. Astrowsky, and every person whose conveyance or encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the York County Registry of Deeds.

B. Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

C. Enter judgment in favor of TD Bank and against Ms. Astrowsky in the amount of $77,565.99 together with interest from January 31, 2017, at the rate of $7.7013369 per diem to the date of judgment, and other costs and charges collectible under the Note and Mortgage;

D. Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

E. Enter an Order against Ms. Astrowsky allowing TD Bank to be paid the amount adjudged to be due TD Bank, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale;

F. Enter an Order that Ms. Astrowsky is not liable for any deficiency balance remaining due TD Bank after the sale of the Property and application of the proceeds of the sale as a result of her bankruptcy discharge;

      G.      Enter an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90-day period of redemption.

      H.      Grant Plaintiff such other relief as the Court may determine to be just and equitable.

Dated: April 6, 2017

Respectfully submitted,

DUANE MORRIS LLP

/s/ __Brett L. Messinger_____
By:    Brett Messinger
        Andrea T. Holbrook
2 Monument Square, Suite 505
Portland, Maine 04101
blmessinger@duanemorris.com
atholbrook@duanemorris.com
(215) 979-1508/1677
Attorneys for Plaintiff